[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiff has moved for partial summary judgment as to count one on the grounds that the employment contract on its face requires severance pay and that therefore as a matter of law judgment should enter in favor of the plaintiff as to that count.
The language relied on by the plaintiff is from Article 2,Provisions Relating to Employment, 2.6 Termination, as follows:
2.6.1 The Employment Period shall be terminated upon the first to occur of the following events:
(a) Automatically upon the date of death of Employee
 (b) By EWI upon the date of determination by EWI of the "permanent disability" of Employee as hereinafter provided;
 (c) By EWI upon the date of written notification by EWI to Employee that his employment will be terminated for "Cause" (as hereinafter defined);
 (d) By Employee upon the date on which Employee notified EWI that his employment will be terminated for "Cause" (as hereinafter defined);
 (e) By EWI at any time after the Expiration Date, upon the date ten (10) days following written notice by EWI to Employee of termination for any reason or no reason; or
 (f) By Employee at any time after the Expiration Date, upon the date thirty (30) days following written notice by Employee to EWI of termination for any reason or no reason.
The plaintiff was notified by letter dated January 29, 1996 that the defendant Environmental Warranty, Inc. would not renew his contract on March 31, 1996, its expiration date, and that his employment would, therefore, be terminated effective April 1, 1996. It is the plaintiff's position that under 2.6.1(e) the employer cannot notify him prior to March 31, 1996 that his CT Page 6797 contract is not being renewed but instead must wait until after March 31, 1996 to do so.
A letter dated May 3, 1996 from the president of Environmental Warranty, Inc. to the plaintiff and attached as Exhibit E to plaintiff's memorandum in support of his motion for partial summary judgment disputes this. That letter in pertinent part states:
This is in response to your letter dated May 2, 1996. On the subject of severance, your employment was terminated on March 31, 1996, or the "Expiration Date" as defined in your Employee Stock and Employment Agreement dated April 15, 1994. You were advised that you would be terminated on March 31, 1996, months in advance of termination. You would have been entitled to severance under Article 5 if you were terminated pursuant to the provisions of Section 2.6.1(e). Section 2.6.1.(e) only applies to termination "at any time after the Expiration Date." Again, you were terminated on the Expiration Date, not after the Expiration Date.
On the issue of severance pay there is clearly a question of fact as what triggers the severance pay provision when there is a termination. Accordingly, the motion for partial summary judgment as to count one is denied.
Mary R. Hennessey, Judge